Opinion filed September 13, 2007 















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00217-CR 

                                                    __________

 

                               ROY WALLACE WARD, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR31282

 



 

                                                                   O
P I N I O N

The jury
convicted Roy Wallace Ward, Jr. of the offense of aggravated sexual assault of
a child and of two offenses of indecency with a child.  The jury assessed his punishment at confinement
for forty years for the aggravated sexual assault offense and at confinement
for five years for each of the indecency offenses.  We affirm.

                                                                 Issues
on Appeal

In three
issues, appellant challenges the factual sufficiency of the evidence to support
each of his convictions.








                                                              Standard
of Review

To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson,
23 S.W.3d at 10-11.  

                                            Evidence
Presented at Trial

The victim testified that, when she was twelve
years old, she lived at the Renaissance Apartments with her mother and her
sister.  She knew appellant by his
nickname ABucky,@ and he Ahung
out@ at the apartment complex.  One time when she was spending the night with
Ashley Ervin who also lived in the apartment complex, appellant was there
playing cards.  Appellant asked her when
they Awere
going to get together to have sex.@  She told appellant no and that Ait was wrong because he was older@ than her.  Appellant replied, AAge
ain=t nothing but a number.@ 
She explained to him that Ait
may not be nothing but a number but it@
mattered to her.

After that, the victim and Ashley left to get some
snacks.  They returned to the apartment,
and the victim went upstairs and laid down fully clothed on Ashley=s sister=s
bed.  Appellant came into the bedroom
uninvited and asked her again when they were going to have sex.  Appellant began to rub her shoulders, and she
told him to stop.  When she turned over
on her back, appellant got on top of her. 
She tried to push him off of her, but appellant started to kiss her
chest, her breasts, and her stomach.  He
also touched her nipples.  She again told
him to stop.  Appellant touched her
vagina and then pulled her pants off of her. 
He pulled his pants down to his knees, pulled her panties to the side,
and inserted his penis inside of her vagina. 
Appellant pinned her down on the bed by holding both her hands in one of
his hands.








The victim testified that she did not call out for
Ashley because she was scared and that appellant Acould
have beat the crap out of [her] and then took it.@  She also stated that appellant had a star
tattoo on his chest and other tattoos on his neck.  The victim testified that appellant was
wearing a condom and already had an erection when he came into the bedroom.

Ashley testified that she lived in the complex
with her mother and her three sisters and that the victim had spent the night
in her apartment several times.  One
night, when appellant was at the apartment, she and the victim went to get
snacks.  When they returned, appellant
was still inside the apartment.  The
victim went upstairs.  Later, the victim
came and told her that appellant had Af----d@ her. 
The victim was nervous when she said this.  Ashley testified that she told appellant to
leave right after that.  Ashley further
testified that the victim had not been flirting with appellant.

Appellant testified that he was twenty-three years
old and that he had visited Ashley=s
apartment and had stayed there twenty or thirty minutes Aat
the most.@  Appellant testified that he had never gone
there to play cards.  Appellant admitted
that he had a star tattoo on his chest and explained that he had a larger
tattoo that said AHoover@ near the star tattoo.  A lot of people knew that he had the star
tattoo because he had shown it and had bragged about it, but appellant had
never told the victim about his AHoover@ tattoo.  Appellant stated that he was never alone in
the apartment with the victim, that he had never entered a bedroom with the
victim, and that the victim had never seen him without his shirt on.  Appellant also testified that on the night in
question he was home with his wife and their children.  Appellant stated that he and the victim had
nothing but a Acordial@ and Afriendly@ relationship and that they had never
had harsh words with each other.

Appellant called the victim as a rebuttal
witness.  She testified that she only
remembered the star tattoo on his chest.

                                                               Factual
Sufficiency 








When the entire record is reviewed in a neutral
light, the evidence is factually sufficient to support the jury=s verdicts.  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007),
art. 38.04 (Vernon
1979).  Due deference must be given to
the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d
10-11; Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  We review the fact-finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact-finder.  Cain, 958 S.W.2d at 407; Clewis,
922 S.W.2d at 133.  This court has the
authority to disagree with the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.  The evidence supporting the verdicts is not
so weak that the verdicts are clearly wrong and manifestly unjust, and the
verdicts are not against the great weight and preponderance of the conflicting
evidence. The evidence supports the jury=s
findings that appellant committed the offenses as alleged.  The issues are overruled.

                                                             This
Court=s Holding

The judgments of the trial court are affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 13, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.